IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GABRIEL ISHAM PITTMAN,              :
    Petitioner,                 :
                                :
    v.                          :    CIVIL ACTION NO. 26-CV-0881
                                :
COMMONWEALTH OF                     :
PENNSYLVANIA,                       :
    Respondent.                 :

## MEMORANDUM

SÁNCHEZ, J.                                         APRIL 8, 2026

Gabriel Isham Pittman, a state prisoner serving a state sentence, has filed *pro se* a non-standard, typewritten form Petition for *Habeas Corpus* Relief, ostensibly under 28 U.S.C. § 2241 (ECF No. 2) ("Petition"), plus a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1).[1] He seeks release on constitutional grounds, contending that the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") do not apply.[2]

---

[1] The Court interprets Pittman's *habeas* Petition liberally. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

[2] Pittman has previously filed many successive *habeas* petitions, as detailed below. "[T]he Antiterrorism and Effective Death Penalty Act of 1996, commonly abbreviated as 'AEDPA,' generally bars second or successive § 2254 habeas petitions." *Ross v. Adm'r E. Jersey Prison*, 118 F.4th 553, 561 (3d Cir. 2024). Under 28 U.S.C. § 2244(b), "[b]efore a second or successive" *habeas* petition "is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") (echoing requirement). If he does not, the district court must either dismiss it or transfer it to the court of appeals. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (*per curiam*). *See* Brian R. Means, Federal Habeas Manual § 11:42, Westlaw (June 2025 update) (*habeas* petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is."). However, as detailed below, that does not mean district courts may not enjoin petitioners who persist in violating this law by failing to first obtain court of appeals authorization before repeatedly filing successive *habeas* petitions in district courts.

(Petition at 1-6.)  However, the Court must construe his Petition under § 2254, not § 2241, and

AEDPA does apply, including its restrictions on second or successive petitions.  *See* 28 U.S.C.

§ 2254(a); *Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001) (stating that a *habeas* petition

from a state prisoner in custody "pursuant to the judgment of a State court" may ***only*** be

construed under § 2254, not § 2241, regardless of labeling); *Morgan v. LaManna*, 150 F. App'x

145, 147 (3d Cir. 2005) ("Because Morgan is a state prisoner and is in custody pursuant to a

state judgment, his ***only*** recourse for federal habeas relief challenging his sentence or execution

thereof is 28 U.S.C. § 2254") (emphasis added) (citing *Coady*, 251 F.3d at 486)); Means,

Federal Habeas Manual § 1:34 ("The vast majority of courts have concluded that . . . § 2254 is

the ***exclusive*** avenue for a state prisoner challenging the constitutionality of his detention.")

(emphasis added) (*citing Coady*, among others).[3]  The Court finds that because Pittman's

Petition seeks release, it concerns one and/or the other of his state convictions, although he

denies it concerns either.  It is thus successive, as detailed below.  Pittman has filed it in this

Court without first obtaining the required authorization from the United States Court of Appeals

for the Third Circuit.[4]  The Petition and Motion will be dismissed, and Pittman will be ordered

---

[3]  The label on the petition or motion makes no difference.  It if is a pleading from a state prisoner asserting a federal basis for relief from a state court's judgment of conviction, it must comply with AEDPA's second or successive restrictions.  *See*, *e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) (Rule 60(b) motions treated as successive *habeas* petitions). "Prisoners cannot avoid the AEDPA's rules by inventive captioning." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).  "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls." *Id.*

[4]  Pittman's submission is entitled "Petition for Emergency and Expedited *Habeas Corpus* Relief." (Petition at 1.)  However, nothing in it alleges an emergency, purports to justify expedited relief, or supports its being considered as a preliminary injunction.  *See* Fed. R. Civ. P. 65 (setting forth standards for emergency relief in temporary restraining orders and preliminary injunctions); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) (explaining standards for both are same); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)

*(footnote continued on next page)*

to show cause why he should not be enjoined from filing further unauthorized successive

*habeas* petitions.

**I.    THIS COURT MAY ENJOIN ABUSIVE *HABEAS* PETITIONERS WHO PERSIST IN FILING UNAUTHORIZED SUCCESSIVE PETITIONS**

As the United States Supreme Court observed in the case of a pre-AEDPA *habeas*

petitioner, "Every paper filed with the Clerk of this Court, no matter how repetitious or

frivolous, requires some portion of the institution's limited resources.  A part of the Court's

responsibility is to see that these resources are allocated in a way that promotes the interests of

justice."  *In re McDonald*, 489 U.S. 180, 184 (1989) (*per curiam*).  Finding "continual

processing of petitioner's frivolous requests for extraordinary writs does not promote that end,"

the Court acknowledged that "lower courts have issued orders intended to curb serious abuses

by persons proceeding *in forma pauperis*," and prohibited the petitioner from proceeding *in

forma pauperis* in future *habeas* cases.  *Id.* (citing *Procup v. Strickland*, 792 F.2d 1069 (11th Cir.

1986); *Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981); *Green v. Carlson*, 649 F.2d 285 (5th Cir.

1981); and *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)).

---

(movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (clarifying movant has burden to show clearly that such an extraordinary and drastic remedy is justified).

Pittman just includes the words "emergency and expedited" in the title and text of the Petition.  He nowhere attempts to demonstrate why or how its novel, abstract assertions, which are examined below, meet these standards.  He makes no showing in this form Petition that he is entitled to emergency or expedited relief.  The Court finds Pittman has not met his burden. There is no emergency and no need for expedited review.  The function of preliminary injunctive relief is to preserve the *status quo* pending the eventual determination of the action on the merits.  *See Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 160 (3d Cir. 2020) (collecting cases).  Because Pittman is already in prison and seeks release, preserving the *status quo* means keeping him in prison, not expediting his release.

It is thus widely recognized both in this Circuit and others that district courts have inherent jurisdiction to protect themselves against abuses by *pro se* litigants. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) ("Pursuant to the All Writs Act, 28 U.S.C. § 1651, a district court may enjoin litigants from engaging in 'abusive, groundless and vexatious' conduct in filing meritless and repetitive actions.") (citation omitted); *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) (same); *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982) (same); *Rumanek v. Fallon*, No. 21-1348, 2021 WL 5917097, *1 (3d Cir. Dec. 15, 2021) ("District courts have at their disposal a variety of tools with which to bring order to a chaotic case. When a litigant persists in the misbehavior of vexatious litigation activity, specifically, a filing injunction may be the appropriate remedy."). *See also De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances") (internal quotation marks omitted); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) ("[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."); *Procup*, 792 F.2d at 1073-74 ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.") (citation omitted); *Martin-Trigona*, 737 F.2d at 1261 ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions").

The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. Thus, district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a

litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 994 F.2d at 1038; *see also Chipps v. United States Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989).

This inherent district court authority to ensure that limited court resources are not wasted by abusive litigants extends to post-AEDPA *habeas* cases. The Third Circuit has recently upheld a pre-filing injunction order from this Court concerning an abusive *pro se* successive *habeas* petitioner, finding the three *Brow* requirements were met by the petitioner's history of abusive successive *habeas* litigation, the Court's notice and show-cause process, and the narrowly-tailored injunction that simply required the petitioner to comply with the law by first obtaining Third Circuit authorization before filing any further successive *habeas* petitions in the district court. *See Rambert v. Warden Greene SCI*, No. 24-1313, 2024 WL 3250360, *3 (3d Cir. July 1, 2024) (after vexatious successive *habeas* petitioner failed to show cause why it should not, no abuse of discretion when this Court imposed narrowly tailored prefiling injunction barring him from filing further unauthorized successive *habeas* petitions in this district challenging same state criminal conviction in violation of 28 U.S.C. § 2244(b)(3)(A) without first obtaining Third Circuit authorization as required). In *McPherron v. Dist. Att'y of Cty. of Chester*, 621 F. App'x 704, 709-711 (3d Cir. 2015), although the Third Circuit vacated as being too broad under *Brow* the district court's blanket restrictions on a successive *habeas* petitioner that prohibited him from filing new papers in his *habeas* case and from filing any new

action, nonetheless it affirmed district court authority to enjoin abusive *habeas* petitioners as appropriate, if narrowly tailored and carefully following *Brow*'s requirements.  The Third Circuit has also upheld district court authority to enter pre-filing injunctions against federal prisoners filing successive and abusive motions to vacate under 28 U.S.C. § 2255, the federal prisoner equivalent of § 2254.  *See United States v. Schwartz*, No. 22-2852, 2023 WL 5670699, *2-3 (3d Cir. Sept. 1, 2023) (*per curiam*) (affirming district court authority to enter pre-filing injunction in § 2255 context but finding *Brow* requirements not met as to second injunction because, although exigent circumstances had once existed, they no longer did).

The Third Circuit is not alone in imposing pre-filing injunctions on abusive *habeas* petitioners.  *See De Long*, 912 F.2d 1144 (affirming dismissal of vexatious successive *habeas* petitioner's petitions and Rule 60(b) motions, recognizing district court's inherent power to issue prefiling injunction order, but remanding and setting forth *Brow*-type requirements to be followed, as they had not been).  The Tenth Circuit has upheld a district court pre-filing injunction barring a federal prisoner from filing further unauthorized successive motions to vacate under 28 U.S.C. § 2255, the federal prisoner *habeas* equivalent, to which the same successive petition provisions of 28 U.S.C. § 2244(b)(3)(A) apply.  *See United States v. Jack*, 692 F. App'x 505 (10th Cir. 2017) (affirming, no abuse of discretion in district court pre-filing injunction on abusive federal prisoner barring him under § 2244(b)(3)(A) and 28 U.S.C. § 2255(h) from filing further unauthorized successive § 2255 motions without court of appeals pre-authorization).  So has the Eleventh Circuit.  *See Dickey v. United States*, 856 F. App'x 809 (11th Cir. 2021) (*per curiam*); *Shivers v. United States*, 427 F. App'x 697 (11th Cir. 2011) (*per curiam*) (both upholding pre-filing injunctions on vexatious § 2255 litigants).

This District, furthermore, has entered many such pre-filing injunctions concerning abusive successive *habeas* petitioners after a similar show-cause process in compliance with the

*Brow* requirements; though those injunctions have not been reviewed by the Third Circuit, they remain in place today. *See, e.g.*, *In re: King Walid A. Muhammad*, No. 25-6503 (E.D. Pa.), ECF No. 4 (Dec. 8, 2025 order to show cause), No. 5 (Jan. 29, 2026 pre-filing injunction); *Hamm v. Armel*, No. 21-5663 (E.D. Pa.), ECF No. 3 (Jan. 25, 2022 order to show cause), No. 4 (Mar. 23, 2022 pre-filing injunction), and 5 (Mar. 23, 2022 order dismissing); *Veneri v. SCI Laurel Highlands*, *et al.*, No. 21-0304, 2021 WL 847165 (E.D. Pa., March 5, 2021) (same).[5]

---

[5] Many other federal district courts have either imposed or warned that they would impose pre-filing injunctions on vexatious unauthorized successive *habeas* petitioners, citing the well-established authority of district courts to do so. *See, e.g., Williams v. Jones*, No. 25-0177, 2025 WL 3764011 (M.D. Ga. Dec. 30, 2025) (dismissing unauthorized successive *habeas* petition under jurisdictional bar of § 2244(b)(3)(A), warning vexatious successive petitioner that if he filed additional frivolous filing, court would impose sanction of pre-filing injunction requiring him to file petition for leave to file before court would consider accepting any new filing); *Lay v. McCain,* No. 19-9803, 2025 WL 3181563, *3 (E.D. La. Nov. 14, 2025) (warning pre-filing injunction may be entered if petitioner continues to file frivolous *habeas* papers), *appeal pending sub nom. Lay v. Turner*, No. 26-30167 (5th Cir.); *Gakuba v. Md. Att'y Gen's Ofc.*, No. 25-0415, 2025 WL 2940726, *3 (D. Md. Sept. 24, 2025) (warning of possible pre-filing injunction); *Stewart v. Macomber*, No. 23-0374, 2023 WL 2875685 at *1 (E.D. Cal., Mar. 28, 2023) (ordering petitioner to show cause why pre-filing injunction should not be imposed, recommending he be deemed vexatious litigant and that successive *habeas* petition be dismissed), *approved and adopted, pre-filing injunction ordered, COA denied*, 2024 WL 1219174 (E.D. Cal. Mar. 21, 2024); *McKinney v. Cir. Ct. of Wise*, No. 22-0424, 2022 WL 16922477 (W.D. Va. Nov. 14, 2022) (enjoining abusive successive *habeas* petitioner from filing further papers about his state-court conviction without court of appeals' prior authorization); *Von Staich v. Valenzuela*, No. 15-2079, 2017 WL 10636887, *20-28 (C.D. Cal. Aug. 30, 2017) (recommending granting respondents' motion to deem *habeas* petitioner vexatious litigant, to revoke *in forma pauperis* status, and to impose pre-filing injunction requiring court to pre-screen any new *habeas* case from petitioner before authorizing it to be filed), approved and adopted, pre-filing injunction ordered, 2018 WL 5793419 (C.D. Cal. Nov. 5, 2018); *Campbell v. Jones*, No. 98-2088, 2017 WL 8751916, *3-5 (S.D. Fla. Nov. 20, 2017) (recommending petitioner be enjoined from filing any further pleading in *habeas* case without first seeking leave of court), *approved and adopted*, 2018 WL 1634121 (S.D. Fla. Jan. 9, 2018); *Rogers v. Cartledge*, No. 16-3064, 2016 WL 7911877 (D. S.C. Sept. 15, 2016) (noting violation of pre-filing injunction, recommending summary dismissal of § 2241 *habeas* petition as successive to § 2254 petition without authorization), *approved and adopted*, 2017 WL 264048 (Jan. 20, 2017); *Rochester v. McKie*, No. 15-3258, 2015 WL 10844783 (D. S.C. Sept. 11, 2015) (recommending dismissal of subsequent unauthorized § 2254 petition framed as § 2241 petition from vexatious successive *habeas* litigant already under pre-filing injunction order in that and other jurisdictions), *approved and adopted*, 2016 WL 2756432 (D. S.C. May 12, 2016); *Sayre v.*

(footnote continued on next page)

It is thus clear that district courts may enjoin abusive, unauthorized successive *habeas corpus* petitioners, even though under 28 U.S.C. § 2244(b)(3)(A) and *Burton v. Stewart*, 549 U.S. at 157, such courts must either dismiss unauthorized, successive petitions or transfer them to the local court of appeals.

## II. PROCEDURAL HISTORY DEMONSTRATING PITTMAN'S ABUSIVE AND VEXATIOUS LITIGATION HISTORY

Pittman is serving a total state sentence of 32 to 71 years of incarceration at SCI Huntingdon. In 1998, in the Lehigh County Court of Common Pleas, within this District, he was initially sentenced to 26 to 59 years of imprisonment after pleading guilty to, and being convicted of, Murder in the Third Degree, Aggravated Assault, Recklessly Endangering Another Person, and Carrying a Firearm Without a License.[6] Pittman assaulted a correctional

---

*Pszczolkowski*, No. 15-0009, 2015 WL 2250897, *5 (N.D. W.V. May 13, 2015) (imposing pre-filing injunction after ninth successive *habeas* petition); *Wyatt v Bragg*, No. 11-0187, 2011 WL 1839057, *3 (W.D. Tx. May 12, 2011) (warning federal § 2241 *habeas* petitioner that pre-filing injunction to prevent further frivolous, abusive filings might be imposed), 457 F. App'x 443 (5th Cir. 2012) (dismissing appeal as frivolous, denying IFP motion); *Miles v. Angelone*, 483 F.Supp.2d 491, Nos. 00-0204 and 06-0344, 483 F. Supp. 2d 491, 497 (E.D. Va. Mar. 26, 2007) (citing *Brow*, denying as frivolous seventeenth *habeas* reconsideration motion, properly viewed as successive *habeas* petition, denying IFP motion, and advising abusive successive *habeas* petitioner of intent to file prefiling injunction due to substantial burden on judicial resources), 238 F. App'x 978 (4th Cir. 2007) (dismissing appeal as untimely but affirming district court's prefiling injunction order entered April 23, 2007). The form of injunction this Court has used and proposes again today is simpler than most just cited, as it simply requires the *habeas* petitioner to comply with the statutory pre-filing requirement of 28 U.S.C. § 2244(b)(3)(A) by first obtaining Third Circuit permission before filing a successive petition in this Court.

[6] *See Commonwealth v. Pittman*, CP-39-CR-0000304-1998 (C.P. Lehigh); *Commonwealth v. Pittman,* 737 A.2d 272 (Pa. Super. 1999) (aff'd on dir. app.); *Commonwealth v. Pittman*, 747 A.2d 899 (Pa. 1999) (table) (pet. for allowance of app. den.). In 2000, Pittman filed a motion for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 *et seq*., which the court heard and denied. *Commonwealth v. Pittman*, No. 0304/1998, 2005 WL 6067872 (C.P. Lehigh Dec. 15, 2005). The Superior Court affirmed. *Commonwealth v. Pittman*, No. 978 EDA 2001 (Pa. Super. Feb. 15, 2002). *See also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (allowing Court to take judicial notice of facts reflected in publicly available state-court records).

8

officer in prison while serving that sentence; after his 2017 jury trial for and conviction on

charges of Aggravated Assault on a Correctional Officer, Simple Assault, and Harassment in

the Schuylkill County Court of Common Pleas, which is not within this District but instead in

the Middle District of Pennsylvania, he was additionally sentenced to six to twelve years of

incarceration, ordered to run consecutive to his earlier sentence.[7]

Pittman not only pursued his state remedies but, at least as to his Lehigh County

judgment, filed many time-barred state collateral relief petitions and appeals from orders

dismissing them.[8]  In 2003, this Court denied his first *habeas* petition under 28 U.S.C. § 2254

challenging his 1998 Lehigh County judgment.  *See Pittman v. Kyler, et al.*, No. 02-2825, ECF

No. 17 (E.D. Pa. June 17, 2003), *report and recommendation approved*, 2003 WL 22844191

(E.D. Pa. Nov. 26, 2003).[9]  The United States Court of Appeals for the Third Circuit denied

Pittman's application for a COA.  *Pittman v. Kyler, et al.*, No. 03-4864 (3d Cir. July 16, 2004).

---

[7]  *See Commonwealth v. Pittman*, CP-54-CR-0000718-2016 (C.P. Schuylkill); *Commonwealth v. Pittman*, No. 958 MDA 2017, 2018 WL 1192206 (Pa. Super. 2018) (aff'd on dir. app); *Commonwealth v. Pittman*, No. 1069 MDA 2025, 2026 WL 323851 (Pa. Super. 2026) (aff'g dism. of untimely PCRA pet.).

[8]  The court dismissed Pittman's second PCRA petition about his Lehigh County judgment as untimely filed; Pittman appealed.  Supp'l Mem. Op., *Pittman*, 2005 WL 6067872. The Superior Court affirmed.  *Commonwealth v. Pittman*, No. 3202 EDA 2005 (Pa. Super. July 6, 2006).  A month later, he filed a third; the court dismissed it as untimely.  Mem. Op., *Commonwealth v. Pittman*, No. 0304/1998, 2006 WL 5430557 (C.P. Lehigh Nov. 20, 2006). The Superior Court affirmed.  *Commonwealth v. Pittman*, No. 3117 EDA 2006 (Pa. Super. Mar. 26, 2007).  Pittman's subsequent PCRA petitions about his Lehigh County conviction have been dismissed as time-barred, as affirmed on appeal.  *See*, *e.g.*, *Commonwealth v. Pittman*, No. 3434 EDA 2012, 2013 WL 11259298 (Pa. Super. 2013); *Commonwealth v. Pittman*, 85 A.3d 483 (Pa. 2014); *Pittman v. PA Dept of Corr.*, No. 833 EDA 2014, 2015 WL 7726700 (Pa. Super. 2015); *Pittman v. PA Dept of Corr.*, 125 A.3d 778 (Pa. 2015); *Commonwealth v. Pittman*, No. 3393 EDA 2015, 2017 WL 65460 (Pa. Super. 2017); *Commonwealth v Pittman*, No. 1977 EDA 2017, 2018 WL 1386793 (Pa. Super. 2018); *Commonwealth v. Pittman*, No. 59 EDA 2024, 2024 WL 4457747 (Pa. Super. 2024) (aff'g dism. of tenth PCRA pet.).

[9]  In dismissing, the Court declined to issue a Certificate of Appealability (COA).  One

*(footnote continued on next page)*

9

In the ensuing twenty years, on that docket alone (apart from many others reviewed below), Pittman has filed nine unauthorized, successive *habeas* petitions, often lengthy, challenging his Lehigh County judgment. (*See* No. 02-2825, ECF Nos. 29 to 75 (July 5, 2005 to Apr. 15, 2025).) The Court has variously denied and dismissed them, explicitly and/or implicitly finding them prohibited successive *habeas* petitions or reconsideration motions.[10]

During the same time, the Third Circuit has denied four of Pittman's motions for COA to challenge this Court's orders denying *habeas* relief from the underlying Lehigh County conviction, as reflected on this Court's *Kyler* docket. (*See Kyler*, No. 02-2825 (E.D. Pa.), ECF Nos. 38, 51, 55, and 73.) *See also In re: Gabriel Pittman*, No. 25-1344 (3d Cir. April 3, 2025) (order denying COA); *In re: Gabriel Pittman*, No. 25-1834 (3d Cir. May 22, 2025) (order denying COA). The Third Circuit has also denied four of Pittman's directly filed applications

---

of the AEDPA reforms is that a court must issue a COA before a *habeas* petitioner may appeal. *See* 28 U.S.C. § 2253(c). "Under AEDPA, a COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2)." *Becker v. Sec'y Pa. Dep't of Corr.*, 28 F.4th 459, 460 (3d Cir. 2022). Pittman has never been granted a COA, though he has applied for one many times.

[10] *See Kyler*, No. 02-2825 (E.D. Pa.), ECF Nos. 33 and 34 (two copies of Motion to Vacate, both Nov. 5, 2007) (31 and 29 pp. long), and ECF No. 35 (Feb. 12, 2008 Order finding Third Circuit had twice denied Pittman's requests to file second or successive petitions, adding, "This Court does not have jurisdiction to consider any further claims and Petitioner shall cease filing papers in this Court"); ECF No. 41 (Sept. 11, 2013 Motion to Vacate) and ECF No. 43 (Dec. 23, 2013 Order dismissing as successive); ECF No. 44 (Nov. 21, 2014 Motion for 60(b) Relief) and ECF No. 45 (Jan. 20, 2015 Order denying, findingarguments inapplicable); ECF No. 52 (July 5, 2016 Rule 60(b) Motion) and ECF No. 53 (Oct. 24, 2016 Order dismissing as successive); ECF No. 56 (June 4, 2020 Rule 60(b) Motion) and *Pittman v. Kyler*, No. 02-2825, 2020 WL 5407900 (E.D. Pa. Sept. 9, 2020 Order dismissing as successive); ECF No. 63 (Oct. 13, 2020 Rule 59(e) Motion) and *Kyler*, 2020 WL 6200036 (E.D. Pa. Oct. 22, 2020) (Order denying R. 59(e) motion as successive); ECF No. 66 (Jan. 9, 2023 Motion) and ECF No. 67 (Jan. 17, 2023 Order dismissing as successive); ECF No. 69 (Jul. 18, 2024 Rule 60(b) Motion), ECF No. 70 (Jul. 30, 2024 Order dismissing as successive), and *Kyler*, No. 24-2581 (3d Cir. Dec. 6, 2024) (denying COA re order dismissing as successive); ECF No. 74 (Mar. 27, 2025 Rule 60(b) Motion) and ECF No. 75 (Apr. 15, 2025 Order dismissing as successive).

to file a second or successive *habeas* petition about the Lehigh case that appear on this Court's docket.  (*See Kyler*, No. 02-2825, ECF Nos. 29, 32, 39, and 40.).

Further, Pittman has filed multiple separately-docketed, unauthorized, successive *habeas* petitions in this Court that seek release from state custody, framing them variously as petitions under 28 U.S.C. § 2254 and 28 U.S.C. § 2241, sometimes challenging his Lehigh County judgment, sometimes both Lehigh County and Schuylkill County judgments, and sometimes (ostensibly) neither, as here.  Continuing the count, these include *Pittman v. Walsh, et al.*, No. 13-0348 (E.D. Pa.) (§ 2241 petition about Lehigh County judgment dismissed as unauthorized successive petition; COA denied by this Court and Third Circuit); *Pittman v. Pa. Dep't of Corr., et al.*, No. 15-5192 (E.D. Pa.) (§ 2241 about Lehigh County case dismissed as successive, denying COA); *Pittman v. Pa. Dep't of Corr., et al.*, No. 19-4945 (E.D. Pa.) (transferred to Third Circuit to determine whether successive petition may be considered; COA denied); and *Pittman v. Rivello, et al.*, No. 23-4675 (E.D. Pa.) (transferring to Third Circuit as successive).

Pittman also filed a successive *habeas* petition in 2021 on a § 2241 form about his Lehigh County judgment not in this Court but the United States District Court for the Western District of Pennsylvania.  Construing it as an unauthorized successive § 2254 petition, the court transferred it to the Third Circuit, and the Third Circuit denied him permission to file it. *Pittman v. Smith*, No. 21-0083 (W.D. Pa.); *In re: Gabriel Isham Pittman*, No. 21-1919 (3d Cir.).

The current Petition thus appears to be at least Pittman's **fifteenth** successive *habeas* petition about his Lehigh County conviction.[11]

---

[11]  Moreover, Pittman has demonstrated abuse of the judicial process outside the *habeas* realm.  His civil litigation history is relevant to the Court's analysis of the need to stop his similar abuse of judicial process in the *habeas* context.  The so called "three-strikes" rule, which does not include *habeas* matters, mandates that if the plaintiff has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to
*(footnote continued on next page)*

In 2025, the United States District Court for the Middle District of Pennsylvania

dismissed as untimely Pittman's first *habeas* petition under 28 U.S.C. § 2254 to challenge his

2017 Schuylkill County judgment.[12]  *See Pittman v. Rivello*, No. 24-1241, 2025 WL 580598

(M.D. Pa., Feb. 21, 2025) (dismissing Pittman's § 2254 petition regarding Schuylkill County

judgment as untimely and procedurally defaulted); *Pittman v. Sup't Huntingdon S.C.I., et al.*,

---

state a claim upon which relief may be granted," then he or she is prohibited from proceeding *in forma pauperis* absent a showing of "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Pittman has repeatedly been found to have incurred three strikes.  *See Pittman v. Shapiro*, No. 25-0552 (M.D. Pa.) (May 6, 2025 order barring him from proceeding *in forma pauperis*; three strikes); *Pittman v. United States of America*, No. 23-1385 (M.D. Pa.) (Aug. 22, 2023, finding three strikes); *Pittman v. Trump*, No. 17-0163 (W.D. Pa.) (Sept. 14, 2017 report and recommendation to dismiss as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i)), *adopted*, Dec. 12, 2018, *appeal dismissed*, No. 19-1141 (3d Cir. August 13, 2019); *Pittman v. Clinton*, No. 15-1793, 2015 WL 6406793 at *3 (M.D. Pa. Oct. 21, 2015) (dismissing as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)); *Pittman v. Pennsylvania General Assembly*, No. 14-7022 (E.D. Pa.) (Dec. 22, 2014 mem. & order dismissing as frivolous under 28 U.S.C. §1915(e)(2)(B)(i)).

[12]  Pittman had earlier initiated two actions initially labeled as *habeas* petitions in the Middle District, but neither challenged his 2017 Schuylkill judgment.  The first, *Pittman v. Smith, et al.*, No. 17-0094 (M.D. Pa.), concerned the effect on Pennsylvania prisoners of a federal funding statute that is also the focus of today's Petition.  Viewing it as a civil complaint challenging conditions of confinement, the Middle District transferred it to the Western District. *Smith*, 2017 WL 1288739 (M.D. Pa. Apr. 5, 2017).  That court agreed it was a civil rights complaint and advised him to file one separately, adding, as pertinent to today's *habeas* claim:

> Petitioner does include what could be construed as a habeas corpus claim, namely that his confinement on any criminal charge is unconstitutional because the Commonwealth of Pennsylvania surrendered its police power to the federal government and the federal government is prohibited from prosecuting him by the Tenth Amendment.  That claim, as elaborated by petitioner, is **patently frivolous**.

*Pittman v. Smith*, No. 17-0053 (W.D. Pa.) (ECF No. 8 (recommending dismissal)) (emphasis added).  Pittman filed a civil rights complaint but quickly abandoned it and continued pressing the matter in *habeas*, contending, as he does today, "that his or any other inmate's continued confinement is illegal."  The court dismissed.  (*Id*. (ECF No. 14).)

Pittman's second Middle District petition ostensibly about his Schuylkill County case was *Pittman v. Rivello*, No. 22-1589, 2022 WL 10208222 (M.D. Pa. Oct. 17, 2022) (dismissing for lack of exhaustion petition about COVID-19 prison conditions).  He also filed a petition for writ of *mandamus* in the Commonwealth Court of Pennsylvania based, among other things, on the same statute he cites in today's Petition.  *See Pittman v. Commonwealth*, 313 A.3d 465 (Pa. Commw. Ct. 2024) (sustaining preliminary objections, dismissing).

No. 25-1439 (3d Cir. Nov. 4, 2025) (declining to issue COA, denying motion for "Suspension Clause *Habeas Corpus* Relief").  The Middle District then dismissed another petition about Pittman's Schuylkill County case as successive and unauthorized.  *Pittman v. Commonwealth*, No. 25-1613 (M.D. Pa.) (dismissed as successive without permission, denying COA); *Pittman v. Commonwealth of Pennsylvania*, No. 25-3035 (3d Cir.) (COA appl. pending).

Finally, several other prisoners also housed at Pittman's current location, SCI Huntingdon, have filed the same prisoner-created form Petition (except for the few handwritten fill-ins) that Pittman has filed in this case, raising unique and unusual legal concerns that Pittman has voiced previously and that, as noted above, have been found "patently frivolous." *Pittman v. Smith*, No. 17-0053 (W.D. Pa.) (ECF No. 8 (Report and Recommendation) at 2-3 (proposing dismissal).  Those other inmates' cases include *Parker v. Commonwealth*, No. 26-0837 (E.D. Pa.); *Edge v. Commonwealth*, No. 26-0876 (E.D. Pa.); *Howard v. Commonwealth*, No. 26-1146 (E.D. Pa.); and *Howard v. Commonwealth*, No. 26-1147 (E.D. Pa.).

The foregoing procedural history amply demonstrates that Pittman is an abusive and vexatious litigant who will continue to violate the bar on filing unauthorized successive *habeas* petitions unless this Court takes further action, as it is fully empowered to do.

III.    **THE PETITION IS AGAIN SUCCESSIVE WITHOUT AUTHORIZATION.**

In his fifteenth *habeas* Petition, Pittman again seeks release.  Thus, as explained above, his Petition must concern one or the other of his state-court judgments, although he denies it challenges either, in an attempt to circumvent AEDPA's successive petition bar.  *See Melton*, 359 F.3d at 857 (such attempts are ineffective).  The Court finds that since Pittman has filed his Petition in this District, it must challenge his Lehigh County conviction; otherwise, he would have filed it in the Middle District.  Still, regardless of which conviction it challenges, the Petition is successive.  *See Magwood v. Patterson*, 561 U.S. 320, 330-333 (2010) (petition is

successive if it concerns the same state-court judgment and if claims could have been brought earlier).  The only claim in the Petition is a reworked version of one he brought years ago about the effect of a federal funding statute on state prisoners that was dismissed as "patently frivolous."  *Pittman v. Smith*, No. 17-0053 (W.D. Pa.) (ECF No. 8 (Report and Recommendation) at 2-3 (proposing dismissal); ECF No. 14 (order dismissing)).  A claim "presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).

It is also unauthorized.  28 U.S.C. § 2244(b)(3)(A).  Pittman has again failed to first obtain an order from the Third Circuit permitting this Court to consider the Petition before filing it here.  Unless the court of appeals first grants permission to file a successive petition, a district court lacks jurisdiction to consider it.  *Burton v. Stewart*, 549 U.S. at 157; *Benchoff v. Colleran*, 404 F.3d 812, 815-20 (3d Cir. 2005).  "When a second or successive *habeas* petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Because the United States Court of Appeals for the Third Circuit has found that none of Pittman's many applications to file a second or successive *habeas* petition meets the required standards, additional transfers to that Court would be a further waste of judicial resources. Pittman's Petition will instead be dismissed.  But that is not all.  This Court always has jurisdiction to protect itself against vexatious litigants.  28 U.S.C. § 1651.

**IV.**   **ORDER TO SHOW CAUSE WHY PRE-FILING INJUNCTION REQUIRING PITTMAN TO OBTAIN AUTHORIZATION FROM THE THIRD CIRCUIT BEFORE FILING A SUCCESSIVE PETITION IN THIS COURT SHOULD NOT BE ENTERED.**

As to the first *Brow* factor, Pittman has demonstrated a continuing pattern of abuse by filing at least fifteen successive *habeas* petitions in this Court, repeatedly disregarding the

14

statute and Court's Orders that it lacks jurisdiction without the Third Circuit first granting him permission to file a successive petition. Pittman routinely fails to file his § 2254 habeas petitions using the Court's required standard form despite having been repeatedly reminded of that requirement. His claims lack merit and are frivolous. They are often confusing and full of inapplicable yet complex legal arguments that are further wasteful of judicial time and resources. Whether he created the form petition before the Court today that others have also used, which appears likely, it repeats a legal assertion that has already been found frivolous. Pittman's litigation history conclusively demonstrates his vexatious and abusive conduct.

And as to the second and third *Brow* factors, this Memorandum and Order provides Pittman with notice that unless he can show cause otherwise, a narrowly tailored injunction will be entered preventing him from submitting to this Court (1) any *habeas* petition, regardless of title, that in form or substance challenges his 1998 state conviction within this District in *Commonwealth v. Pittman*, CP-39-CR-0000304-1998 (C.P. Lehigh), unless he first obtains authorization from the United States Court of Appeals for the Third Circuit,[13] and (2) any *habeas* petition, regardless of title, concerning any other state-court conviction (to the extent such a conviction exists or might exist in future) unless it is submitted on this Court's standard form, fully completed, together with either the $5 filing fee or a fully completed motion to proceed *in forma pauperis* on this Court's form, including its section requiring a prison official to certify and sign it. In the event the pre-filing injunction order issues, if Pittman thereafter

---

[13] This Court has no jurisdiction to consider any *habeas* petition challenging Pittman's 2017 judgment in *Commonwealth v. Pittman*, CP-54-CR-0000718-2016 (C.P. Schuylkill). If Pittman wishes to file a *habeas* petition challenging that case, given the history reviewed above, he must first obtain Third Circuit permission and, if he obtains it, must then file in the Middle District of Pennsylvania. *See Pittman v. Commonwealth of Pa., et al.,* No. 25-1613 (M.D. Pa.), ECF No. 9 (Order, Oct. 27, 2025) (dismissing as successive without permission and denying COA); *Pittman v. Commonwealth of Pa., et al.*, No. 25-3035 (3d Cir.) (appl. for COA pending).

files non-conforming papers with the Clerk of Court, the Clerk will be authorized to return them to Pittman without filing them, along with a copy of the injunction order.

The scope of this Court's injunction order will thus be narrowly tailored to fit the particular circumstances of this case and will not prevent Pittman from filing a *habeas* petition on the proper form that would challenge a separate conviction in this district (to the extent such a conviction exists or might exist in future). Nor will it prevent Pittman from filing a *habeas* petition regarding his 1998 Lehigh County conviction, so long as the Third Circuit first grants him permission to file a successive petition under 28 U.S.C. § 2244(b)(3)(A).

**BY THE COURT:**

/s/ Juan R. Sánchez
**JUAN R. SÁNCHEZ, J.**

16